771 So.2d 293 (2000)
Joyce PORTER & Eric Porter, Sr. Individually and on Behalf of Their Minor Child, Eric Porter, Jr.
v.
PROGRESSIVE SPECIALTY INSURANCE COMPANY, Reginald Douglas and Patco Assurance Company (UM).
No. 99 CA 2542.
Court of Appeal of Louisiana, First Circuit.
November 8, 2000.
Kevin Patrick Monahan, Baton Rouge, for Appellant Plaintiff Joyce Porter, et al.
Donald R. Smith, Baton Rouge, for Appellee Defendant Progressive Specialty Ins. Co., et al.
BEFORE: FOIL, FITZSIMMONS and DUPLANTIER[*], JJ.
FOIL, Judge.
This appeal challenges the dismissal of a lawsuit on the basis of abandonment. We affirm.

*294 BACKGROUND
On April 25, 1995, plaintiffs, Joyce Porter and Eric Porter, Sr., individually and on behalf of their minor child Eric Porter, Jr., filed this lawsuit seeking damages arising out of an automobile collision. According to the allegations of the petition, on August 26, 1994, the Porters were driving on Harding Boulevard when their vehicle was rear-ended by a vehicle driven by Reginald Douglas. Named as defendants in the litigation were Reginald Douglas and his liability insurer, Progressive Specialty Insurance Company, along with Patco Assurance Company, the Porter's uninsured/underinsured motorist carrier. In the petition, plaintiffs did not request service on the three named defendants.
The record reflects that only the original petition was filed by plaintiffs, and no pleadings or motions were thereafter filed by them in the trial court. On August 31, 1998, more than three years after the date on which the original petition was filed, Progressive and Reginald Douglas filed a motion to dismiss the suit on the grounds of abandonment pursuant to La.Code Civ. P. art. 561. The trial judge granted the motion and dismissed the lawsuit with prejudice. Plaintiff Joyce Porter filed a motion to set aside the dismissal and a motion for a new trial, both of which were denied by the trial judge. This appeal, taken by Joyce Porter, followed.[1]

DISCUSSION
Louisiana Code of Civil Procedure article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.[2] A party takes a "step" in the prosecution of the suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Such action taken by either party is considered a step. Jones v. Phelps, 95-0607, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, 33, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Article 561 requires that the plaintiff show three things to interrupt abandonment: (1) a step was taken in the prosecution or defense of the case; (2) it was taken on the record in the trial court and (3) the step was taken within the legislatively prescribed time period of the last step taken by either party.[3]Chevron Oil Co. v. Traigle, 436 So.2d at 532.
The only step appearing on the record is the filing of the original petition. Although conceding no "steps" were taken in the litigation within the three-year time period, appellant urges that Progressive waived its right to plead abandonment by taking action inconsistent with the intent to treat the case as abandoned. Specifically, appellant urges that Progressive extracted an informal agreement from her attorney to withhold service indefinitely while settlement negotiations proceeded. Appellant relies on correspondence between Progressive and her attorney acknowledging the agreement to withhold service of the petition during the pendency of settlement discussions. This continuing acknowledgment on Progressive's part, appellant argues, operated as a waiver of any claim that plaintiff abandoned the litigation.
We disagree. It is well established that ongoing settlement negotiations do not *295 constitute a step in the prosecution or defense of a case sufficient to interrupt abandonment of a case for nonprosecution. Chevron Oil Co. v. Traigle, 436 So.2d at 533. In the Chevron case, the Supreme Court explained that ongoing settlement negotiations did not prevent plaintiff's counsel from taking some formal action in or before the trial court within the intent of article 561. Id.
It is equally clear that settlement efforts do not constitute a waiver of the right to treat the case as abandoned. Louisiana jurisprudence does recognize that certain actions taken by a defendant, which are inconsistent with the intent to treat the case as abandonment, can constitute a waiver of the right to have a case dismissed for abandonment. Melancon v. Continental Casualty Company, 307 So.2d 308, 311-312 (La.1975). This exception is based on the well-established rule that prescription can be interrupted by acknowledgment. Id. at 311.
This wavier exception to article 561, however, has been applied where a defendant takes steps after the abandonment period has accrued which have been held to facilitate the judicial resolution of the dispute on the merits and were construed as an expression of the defendant's willingness or consent to achieve judicial resolution of the dispute. Middleton v. Middleton, 526 So.2d 859, 861 (La.App. 2d Cir. 1988). See, e.g., Chevron Oil Company v. Traigle, 436 So.2d 530 (La.1993)(finding waiver where a defendant submitted a case for decision post-abandonment); Seagrave v. Dean, 98-1295, p. 3 (La.App. 1 Cir. 7/6/99), 739 So.2d 923, writ denied, 99-2856 (La.12/17/99), 751 So.2d 879 (participation in a status conference and signing a case management schedule found to constitute a waiver); Production Specialties Inc. v. Century Oil Tool Co., Inc., 602 So.2d 163 (La.App. 3d Cir.1992) (filing an answer and reconventional demand after the time period for abandonment expired held to constitute a waiver).
Indeed, in Jones v. Phelps, 95-0607 at p. 6, n. 4, 665 So.2d at 35, this court questioned the applicability of this exception where the action forming the basis for the waiver claim is taken before article 561's time period has in fact accrued. Obviously, if the defendant has taken an action which can be construed as an effort to facilitate judicial resolution of the dispute prior to the accrual of the abandonment period, such action would necessarily constitute a "step" sufficient to interrupt the running of article 561's time period.
Thus, we hold that, just as settlement negotiations between parties in a lawsuit do not constitute a step for the purpose of article 561, that conduct likewise may not serve as the basis of a claim of waiver of the right to plead abandonment. Participation in settlement negotiations reflects an intent on the defendant's part to achieve a non-judicial resolution of the dispute and by definition does not constitute a waiver of the right to plead abandonment.
Moreover, the Supreme Court in Melancon v. Continental Casualty Company, 307 So.2d at 312, made it clear that any alleged waiver of article 561 must appear in the court record and extrinsic proof of such is not permitted. Plaintiff relies exclusively on extrinsic evidence in support of the waiver claim. Under Melancon, plaintiff cannot establish a waiver with extrinsic evidence, and her claim must fail for lack of proof.
Accordingly, plaintiff failed to establish that a step was taken to interrupt the three-year abandonment or that defendants engaged in some action constituting a waiver of the right to plead abandonment. Therefore, the trial court properly dismissed the case as abandoned under article 561.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[*] Judge Thomas R. Duplantier of the Fifteenth Judicial District Court serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] Appellees filed a motion to dismiss the appeal, which was denied by this court on April 7, 2000.
[2] La.Code Civ. P. art. 561 was amended by La. Acts 1997 to reduce the abandonment period from five years to three years. This court recently held that the shortened time period may be applied to actions pending on the effective date of the amendment in Green v. Southern United Fire Insurance Company, 99-1430 (La.App. 1 Cir. 6/23/00), 762 So.2d 1156.
[3] The 1997 amendment to La. Civ.Code art. 561 makes an exception to the requirement that the "step" appear on the record with respect to formal discovery served on all parties. See Brister v. Manville Forest Products, 32,386, p. 4 (La.App. 2 Cir. 12/15/99), 749 So.2d 881, 884.