943 So.2d 390 (2006)
Richard SATTERTHWAITE and Cora Lee Roy (Mrs. Joseph Roy)
v.
Christel BYAIS and Merit Insurance Company.
No. 2005 CA 0010.
Court of Appeal of Louisiana, First Circuit.
July 26, 2006.
*391 John B. Lambremont, Sr., Baton Rouge, for Plaintiff-Appellant Cora Lee Roy.
Carey J. Guglielmo, Stephen D. Cronin, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge, for Defendant-Appellee American Fire & Indemnity Co.
Before: PARRO, McDONALD, and HUGHES, JJ.
PARRO, J.
This is the appeal by a plaintiff of an order dismissing her claims against her uninsured/underinsured motorist insurer on the ground of abandonment. For the following reasons, we affirm.

Factual and Procedural Background
Richard Satterthwaite (Satterthwaite) was involved in an automobile accident on September 28, 1992, when the vehicle that he was driving was hit by a vehicle driven by Christel Byais (Byais). Cora Lee Roy *392 (Roy), Satterthwaite's mother, owned the vehicle that he was driving and was a passenger in the vehicle when the accident occurred. On March 2, 1993, Roy and Satterthwaite filed suit against Byais and her liability insurer and against Roy's underinsured/uninsured motorist (UM) insurer, American Fire Indemnity Company (American).[1] The liability insurer filed an answer on March 22, 1993, which was supplemented on May 19, 1993. This supplementation included a third-party demand against Satterthwaite for indemnity and/or contribution. On June 8, 1993, Satterthwaite filed an answer to the liability insurer's third-party demand against him. Aside from a motion to substitute counsel by Roy and then by Satterthwaite, nothing more was filed in this suit until Roy filed a motion on March 29, 2000, to substitute LIGA for the liability insurer, due to the liability insurer's liquidation.
On March 24, 2004, American filed an ex parte motion and order of abandonment, which was granted, resulting in the dismissal of Roy's claims against it. Although Roy's subsequent motion to set aside this order was granted, the dismissal of her claims was reinstated in connection with a motion for reconsideration filed by American. Roy appealed.

Discussion
On appeal, Roy conceded that her filing of a motion to substitute counsel did not constitute a step in the prosecution of her action.[2] With no step having been taken in the suit by Satterthwaite or Roy within five years after June 8, 1993, we apply the version of LSA-C.C.P. art. 561 in effect during the time in question.[3] The applicable provisions of Article 561(A) stated:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. . . .
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Abandonment under Article 561 is self-executing; it occurs automatically on the passing of five years without a step being taken by either party, and it is effective without a court order. Jones v. Phelps, 95-0607 (La.App. 1st Cir.11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Abandonment functions to relieve courts and parties of lingering claims. When the parties take no steps in the prosecution or defense of their claims during an extended period of time, as designated by the legislature, the logical inference is that the party intends to abandon the claim, and the law gives effect to this inference. Clark v. State *393 Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 786-87.
Although she conceded that no steps were taken in the litigation within a five-year time period, Roy urged that American waived its right to plead abandonment by taking actions inconsistent with the intent to treat the case as abandoned. Roy submitted that ongoing communications should be considered as evidence of an intent not to treat the case as abandoned. Such communications in this case included an informal request for medical information, a settlement demand, and reports of progress being made in her efforts to obtain Medicare reimbursement information. Roy also pointed out that American settled the claims of her co-plaintiff and sought to have Satterthwaite's counsel sign a motion and order of dismissal with respect to Satterthwaite's claims against American.
A plaintiff's post-abandonment actions cannot serve to revive an abandoned action. Nor can inaction on the part of a defendant after accrual of the five-year period be construed as a waiver of abandonment by the defendant. However, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. See Clark, 785 So.2d at 789. In Clark, the Louisiana Supreme Court stated:
That a defendant's conduct occurred before the abandonment period elapsed as opposed to after is thus a distinction without a difference.
The timing of a defendant's conduct cannot logically be construed as altering its character insofar as whether it is sufficient to constitute a waiver of the right to plead abandonment. Logic dictates that the same standard for determining if action of the defendant results in waiver and thereby an interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed.
Clark, 785 So.2d at 789.[4]
This waiver exception to Article 561, however, has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant's willingness or consent to achieve judicial resolution of the dispute. Thus, the following post-abandonment actions by a defendant have been found to constitute a waiver: submission of a case for decision,[5] participation in a status conference and signing a case management schedule,[6] and the filing of an answer and reconventional demand.[7]Porter v. Progressive Specialty Ins. Co., 99-2542 (La. App. 1st Cir.11/8/00), 771 So.2d 293, 295. *394 Furthermore, an insurer's unconditional tender to a plaintiff to satisfy the statutory requirement of LSA-R.S. 22:658(A)(1), even though of an informal nature, has been held to constitute a waiver. Clark, 785 So.2d at 789 n. 15 and at 791.[8] Other examples of post-abandonment conduct by defendants that have been held sufficient to waive abandonment include seeking security for costs[9] and provoking or responding to discovery.[10]Clark, 785 So.2d at 789 n. 15.
By comparison, a defendant's participation in post-abandonment settlement negotiations was found to reflect the defendant's intent to achieve a non-judicial resolution of the dispute, which, by definition, did not constitute a waiver of the right to plead abandonment. Porter, 771 So.2d at 295.[11] This ruling is in conformity with the jurisprudence that has held that extrajudicial efforts, such as informal settlement negotiations between the parties, are insufficient to constitute a step for purposes of interrupting or waiving abandonment. Clark, 785 So.2d at 790; Succession of Wright, 37,670 (La.App. 2nd Cir.9/24/03), 855 So.2d 926, 929, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632.
In support of her motion to set aside the dismissal of her claims in this case, Roy attached several exhibits to her memorandum and alleged that these documents demonstrated actions by American sufficient to constitute a waiver of its right to plead abandonment. These attachments consisted of numerous notations by Roy's counsel relative to telephone conversations with American's representative, several letters from Roy's counsel to American, and approximately five letters from American's representative to Roy's counsel. These communications, dating from October 8, 1997, to January 28, 2004, pertained to: (1) a request by American to obtain copies of the original pleadings, interrogatories, specials, narrative reports, and confirmation of the liability insurer's liquidation; (2) the forwarding of some of this information by Roy's counsel to American; (3) a demand by Roy's counsel for settlement in the amount of the policy limits; and (4) the granting by Roy's counsel of an extension of time for American to file responsive pleadings.
At the hearing on the motion to set aside the judgment of dismissal for abandonment, Roy introduced two exhibits pertaining to the claims of her co-plaintiff, Satterthwaite, against American. The first was a letter dated August 4, 1999, from American to Satterthwaite's counsel, forwarding a settlement draft to Satterthwaite in the amount of $15,000 and demanding the execution of settlement documents. *395 The other was a letter dated February 25, 2004, from American's counsel, seeking to have Satterwaite's counsel execute documentation necessary to have Satterwaite's claims against American dismissed, since those claims had been settled.[12]
There is no indication in the transcript, minutes, or judgment that any of the attachments to Roy's memorandum in support of her motion to set aside the judgment of dismissal were offered into evidence at the hearing on that motion.[13] A court cannot consider exhibits filed into the record as attachments to a memorandum, because such attachments are not evidence.[14]See Touzet v. Mobley, 612 So.2d 890, 893 (La.App. 5th Cir.), writ denied, 614 So.2d 1263 (La.1993). Since such attachments are not evidence, they are not properly part of the record on appeal.[15]McKnight v. D & W Health Serv., Inc., 02-2552 (La.App. 1st Cir.11/7/03), 873 So.2d 18, 24 n. 3; see LSA-C.C.P. art. 2164. Thus, our review is limited to the two exhibits that were properly offered and introduced at the hearing, both of which deal exclusively with settlement of Satterthwaite's claims against American.
This suit was filed by Roy and Satterthwaite, with each asserting separate claims for compensatory damages against American. Initially, Roy and Satterthwaite were represented by the same attorney, but Satterthwaite eventually engaged separate counsel. Satterthwaite's counsel apparently negotiated a settlement with American on his behalf, as evidenced by the 1999 letter from American's counsel to Satterthwaite. Although informal settlement negotiations with either plaintiff would not act as a waiver of American's right to claim abandonment as to either of them, a settlement between American and Satterthwaite would be a full acknowledgment of Satterthwaite's claims. The question is whether a defendant's post-abandonment settlement of the claims of one plaintiff can act as a waiver of its right to plead abandonment of a co-plaintiff's action. We conclude that it cannot.
An action is a demand for the enforcement of a legal right. LSA-C.C.P. art. 421. James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335, 338; State Through Dept. of Highways v. Lessley, 287 So.2d 792, 794 (La.1973). It is commenced by the filing *396 of a pleading presenting the demand to the court. LSA-C.C.P. art. 421. Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. LSA-C.C.P. art. 461. Therefore, several "actions" may be present in the same lawsuit. See James, 813 So.2d at 338-39.
In this case, Roy's demands for compensatory damages against American and the other defendants were separate from those of Satterthwaite. Thus, this suit involves the cumulation of actions by two plaintiffs against multiple defendants. LSA-C.C.P. art. 561(A) speaks in terms of the abandonment of an action, as opposed to a lawsuit. Abandonment of "an action" occurs when the parties to that action fail to take any step in its prosecution or defense in the trial court for a period of five years. The acts on which Roy relied in arguing the waiver issue were acts that were taken by American with respect to Satterthwaite's action. Such acts did not constitute a waiver of its right to plead abandonment of Roy's claims in her separate action against it.[16]
Roy did not show that any step was taken in the prosecution or defense of her action, such that the running of the five-year abandonment period had been interrupted. Nor did she establish that American had engaged in some post-abandonment act that would constitute a waiver of its right to plead abandonment of her claims against it. Therefore, the trial court properly dismissed Roy's case as abandoned.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Cora Lee Roy.
AFFIRMED.
HUGHES, J., concurs.
NOTES
[1] Although named as a defendant, service on American was withheld.
[2] Enrolling or substituting counsel is not a step in the prosecution of an action that will interrupt the abandonment period. Prater v. Schuylkill Products Co., Inc., 281 So.2d 829, 830 (La.App. 1st Cir.), writ denied, 282 So.2d 719 (La.1973); Theriot v. State, Dept. of Transp. & Dev., 01-1420 (La.App. 1st Cir.9/25/01), 809 So.2d 279, 282.
[3] LSA-C.C.P. art. 561 was amended by 1997 La. Acts, No. 1221, § 1, changing the time period for abandonment of an action from five years to three years. Act 1221 became effective July 1, 1998, and by its terms, applied to all pending actions. 1997 La. Acts, No. 1221, § 2. However, since under either version, Article 561 is self-executing, and because the five-year abandonment period had already run in this case prior to the effective date of Act 1221, we will use the pre-amendment language of Article 561.
[4] This statement is dicta, however, because the issue in Clark was whether the defendant's pre-abandonment, unconditional tender, although made outside the record, was sufficient conduct to constitute a waiver. Clark, 785 So.2d at 789. The court concluded that by this action, the defendant had waived its right to plead abandonment. Id. at 793. Compare Slaughter v. Arco Chem, Co., 05-0657 (La.App. 4th Cir.4/26/06), 931 So.2d 387, criticizing the Clark dicta and noting that pre-abandonment actions may constitute an acknowledgement and interrupt a liberative prescriptive period, whereas post-abandonment actions could only obliterate the effect of prescription that has run if those acts met the more stringent requirements of a renunciation.
[5] Chevron Oil Co. v. Traigle, 436 So.2d 530, 534 (La.1983).
[6] Seagrave v. Dean, 98-1295 (La.App. 1st Cir.7/6/99), 739 So.2d 923, 924, writ denied, 99-2856 (La.12/17/99), 751 So.2d 879.
[7] Production Spec., Inc. v. Century Oil Tool Co., Inc., 602 So.2d 163, 164-65 (La.App. 3rd Cir.1992).
[8] An unconditional tender is made to a plaintiff not in settlement of the case, but to show the insurer's good faith and to comply with the duties imposed on it under its contract of insurance with the insured. Accordingly, such a tender does not constitute part of informal settlement negotiations. Clark, 785 So.2d at 791.
[9] State ex rel. Shields, Inc. v. Southport Petroleum Corp. of Delaware, 230 La. 199, 88 So.2d 25, 27 (1956).
[10] In Middleton v. Middleton, 526 So.2d 859, 861 (La.App. 2nd Cir.1988), defendant's post-abandonment actions of filing a new answer and reconventional demand, filing answers to plaintiff's interrogatories, and propounding interrogatories were found to manifest the desire to achieve judicial resolution of the long-standing dispute over community property, so as to preclude the defendant's claim of abandonment.
[11] In Porter, the plaintiff's claim that the defendant had waived its right to plead abandonment was based on an informal agreement to withhold service indefinitely while settlement negotiations proceeded, which was acknowledged in correspondence. Porter, 771 So.2d at 294.
[12] The record does not contain a judgment of dismissal of Satterthwaite's claims.
[13] Cf. Our Lady of the Lake Hosp. v. Vanner, 95-0754 (La.App. 1st Cir.12/15/95), 669 So.2d 463, 465, in which the minute entry and judgment reflected that evidence had been introduced at the exception hearing, but the record did not include any such evidence. This court remanded for an evidentiary hearing on the issue of whether the evidence had been introduced and for supplementation of the record with the evidence, if properly introduced.
[14] An exception to this rule was made by LSA-C.C.P. art. 967 in connection with a motion for summary judgment. If the other criteria of Article 967 are met, evidence submitted as attachments to the memorandum in support of or in opposition to the motion for summary judgment may properly be considered by the court. Aydell v. Sterns, 98-3135 (La.2/26/99), 731 So.2d 189-90.
[15] We note, however, that it appears the trial court examined the documents attached to Roy's memorandum and concluded that they evidenced informal negotiations between the parties. As such, these communications would not constitute a waiver of American's right to plead abandonment.
[16] This comports with the general rule that the interruption of prescription has no effect beyond the specific right of the person of which the debtor makes acknowledgment. Legal interruption does not regularly transfer from one obligation or action to another. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378, 382-83 (La.1980).