# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 14-58


**BYRON P. GUILLORY, ET UX.**

**VERSUS**

**PELICAN REAL ESTATE, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-3477-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**Gremillion, J., dissents and assigns reasons.**


## REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.


**Melvin A. Eiden**
**Rabalais & Hebert**
**701 Robley Drive, #210**
**Lafayette, LA 70503**
**(337) 981-0309**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Byron P. Guillory**
    **Margo L. Guillory**

**Randall L. Guidry**
**Attorney at Law**
**503 W. University Avenue**
**Lafayette, LA 70506-3651**
**(337) 233-8800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Byron P. Guillory**
    **Margo L. Guillory**

**Timothy W. Basden**
**Breaud & Meyers**
**P.O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Pelican Real Estate, Inc.**
    **Marla Smith Landry**
    **Brandi Hebert McKnight**
    **Linda Krupke**

**Thomas J. Eppling**
**Staines & Eppling**
**3500 N. Causeway, Suite 820**
**Metairie, LA 70002**
**(504) 838-0019**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **St. Paul Fire & Marine Insurance Company**

**James L. Brazee, Jr.**
**Brazee Law Firm**
**2901 Johnston St., #206**
**Lafayette, LA 70503**
**(337) 237-0492**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dr. Johnny Wayne Jones**

**PICKETT, Judge.**

Byron and Margo Guillory appeal the trial court's denial of their Motion to Vacate Ex Parte Order of Abandonment. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS

In June 2008, Byron and Margo Guillory filed suit, alleging that the home they purchased from Johnny Jones in Sunset contained a redhibitory defect because the home and property on which it is situated are prone to flooding. They sued: (1) Mr. Jones; (2) Marla Landry, Mr. Jones's real estate agent; (3) Brandi McKnight, their real estate agent; (4) Pelican Real Estate, Inc., the entity that brokered the sale; (5) Linda Krupke, another real estate agent; and (6) ABC Insurance Company. All of the real estate agents were employed by Pelican. In their petition, the Guillorys alleged that Mr. Jones and the real estate agents knew the property had previously flooded and that they made, or caused to be made, negligent or fraudulent misrepresentations regarding the propensity of the property to flood that affected their decision to purchase the property.

Mr. Jones answered the suit and filed third party demands against Pelican, Landry, McKnight, Krupke, and St. Paul Fire and Marine Insurance Company, Pelican's professional liability insurer. St. Paul filed an answer to Mr. Jones' third party demand. St. Paul hired separate counsel to represent Pelican, Landry, McKnight, and Krupke and to represent Mr. Jones.

On June 20, 2013, St. Paul filed an Ex Parte Motion to Dismiss on the ground that the Guillorys' lawsuit was abandoned because no steps had been taken in the prosecution or defense of the matter since March 4, 2010, more than three years before the filing of the motion. The trial court signed the order St. Paul

submitted with its motion the following day, dismissing "the above captioned matter, including any and all Third Party Demands made therein" with prejudice. On July 30, 2013, the Guillorys filed a Motion to Vacate the Ex Parte Order of Dismissal. After a hearing, the trial court granted the Guillorys' motion only to the extent that it requested the dismissal be without prejudice. The Guillorys appealed the trial court's dismissal of their case.

In defense of the Motion to Abandon, and on appeal, the Guillorys assert that the parties engaged in extensive discovery with the last deposition being taken on March 4, 2010, and that they propounded interrogatories and requests for production of documents upon Pelican on December 17, 2012. They further asserted that Pelican did not respond to the discovery, and that on January 21, 2013, their counsel sent notice scheduling a Rule 10.1 discovery conference upon Pelican for 2:00 p.m. January 28, 2013. Counsel for Pelican, Landry, McKnight, and Krupke responded by email on January 24, 2013, asking for terms of a possible settlement. Counsel for the Guillorys conducted the Rule 10.1 discovery conference as scheduled to discuss the outstanding discovery. During the conference, counsel for Pelican, Landry, McKnight, and Krupke asked the Guillorys to submit a written settlement proposal to his clients and that he be allowed to respond to the proposal before responding to the discovery.

The Guillorys provided a written settlement offer to Pelican, Landry, McKnight, and Krupke. Pelican, Landry, McKnight, and Krupke did not respond to the discovery, and their counsel informed counsel for the Guillorys that he considered the case abandoned. Thereafter, St. Paul moved to have the case abandoned; Pelican, Landry, McKnight, Krupke, and Mr. Jones joined in the motion.

2

## ASSIGMENTS OF ERROR

The Guillorys assign three errors with the trial court's judgment:

1. The trial court erred when it held that the actual participation in a Rule 10.1 discovery conference by the attorney for Pelican, Landry, McKnight, and Krupke was not an action taken by defendants during the abandonment period sufficient to preclude a finding of abandonment.

2. The trial court erred when it held that the Guillorys' action was abandoned as to all parties.

3. The trial court erred when it did not find that the totality of the circumstances precluded a finding of abandonment of the Guillorys' claims.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561(A)(1) provides, in pertinent part: "An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." Subsection (B) of Article 561 provides: "Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."

In *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C.*, 11-912, pp. 5-6 (La. 12/6/11), 79 So.3d 978, 981-82, the supreme court discussed the purpose and history of abandonment, explaining:

> The purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. *See Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Clark*, 00-3010, p. 10-11; 785 So.2d at 787.

3

Our jurisprudence has uniformly held Article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Id.*, p. 8; 785 So.2d at 785. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Id.*, p. 10; 785 So.2d at 787. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has "'clearly demonstrated his abandonment of the case.'" *Id.*, p. 8-9; 785 So.2d at 785-86 (quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4 Cir. 1976), *writ denied*, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, "the intent and substance of a party's actions matter far more than technical compliance." *Thibaut Oil Co., Inc. v. Holly*, 06-0313, p. 5 (La.App. 1 Cir. 2/14/07); 961 So.2d 1170, 1172-73.

The Guillorys first urge that the trial court erred in finding their claims against Pelican, Landry, McKnight, and Krupke were abandoned because within three years of the last action taken in this case, they propounded interrogatories and requests for production on Pelican in December 2012 and conducted a Rule 10.1 discovery conference with counsel for Pelican on January 29, 2013. We agree.

The supreme court has construed Article 561 as imposing three requirements: (1) a party must take some "step" in the prosecution or defense of the litigation; (2) the step must be taken in the litigation and must appear in the record, unless it is formal discovery; and (3) that step must have been taken within three years of the last step taken by either the plaintiff or defendant. *Oilfield Heavy Haulers*, 79 So.3d 978.

In *Oilfield Heavy Haulers*, the plaintiffs scheduled a Rule 10.1 discovery conference with one defendant within three years of the last "step" in the prosecution or defense of the case. All parties in the litigation were copied with the correspondence scheduling the conference. This court held that because the correspondence scheduling a Rule 10.1 discovery conference was informal

4

correspondence between the parties, not the formal discovery required by Article 561, it was "tantamount to the employment of 'extrajudicial efforts' at resolving outstanding discovery issues" and, therefore, was not a step in the prosecution of the action. *Oilfield Heavy Haulers*, 10-1392, p. 6 (La.App. 3 Cir. 4/6/11), 62 So.3d 308, 312. The supreme court reversed, explaining:

> [S]ending a letter to all parties scheduling a discovery conference under Louisiana District Court Rule 10.1 constitutes a step in the prosecution or defense of the action. Rule 10.1 requires a discovery conference prior to filing any discovery motion, and discovery motions have the effect of hastening the matter toward judgment. Thus, scheduling a Rule 10.1 conference is a necessary part of the discovery motion process, and a necessary step to hasten a matter toward judgment when a party has failed to comply with discovery requests.

*Oilfield Heavy Haulers*, 79 So.3d at 986.

Mr. Jones and St. Paul assert that because they were not copied with the discovery, the discovery did not interrupt the abandonment period. Pelican, Landry, McKnight, and Krupke argue that their notice and receipt of the Guillorys' December 2012 discovery requests did not interrupt the accrual of abandonment as to them because not all parties were served with the discovery requests or the notice of the Rule 10.1 discovery conference. They contend Article 561 requires that service of formal discovery be made on all parties in the litigation for the discovery to constitute a step in the prosecution of the case for purposes of abandonment. They argue that the supreme court's holding in *Oilfield Heavy Haulers* stands for this proposition and that the first circuit's decision in *Louisiana Department of Transportation & Development v. Bayou Fleet, Inc.*, 09-1569 (La.App. 1 Cir. 4/28/10), 37 So.3d 1066, *writ granted*, 10-1215, (La. 7,2,10), 39 So.3d 585, is on point with the facts herein.

5

In *Bayou Fleet*, DOTD filed suit against the owner of a motor vessel and the vessel's captain for damage caused when the vessel collided with a bridge. At the request of the vessel owner, DOTD initially withheld service while the two parties attempted to resolve the claim. Time passed without the claim being resolved and DOTD served the owner; thereafter, the two parties continued trying to resolve the claim. More than three years after the last pleading, DOTD moved for a preliminary default which was granted.[1] The owner, who had not previously been represented by counsel, hired counsel at that time. The newly-hired counsel had the suit dismissed on the basis of abandonment.

In seeking to have the dismissal vacated, DOTD asserted three reasons why the case was not abandoned. First, it argued that an agreement between the parties that DOTD would not take any action against the owner without giving a thirty-day written notice interrupted the abandonment period. Next, it argued that the owner waived its right to plead abandonment because it acknowledged owing a debt to DOTD. Lastly, DOTD argued that correspondence between it and the owner before the owner was represented by counsel constituted discovery that satisfied the formal discovery requirement of Article 561. The trial court found no merit in DOTD's arguments and denied its motion to vacate the dismissal of its case. The first circuit affirmed.

Pertinent to this case, the first circuit determined that the owner's correspondence requesting documentation supporting the amounts DOTD sought

---

[1] DOTD had filed a motion to substitute counsel during that time; however, it did not dispute that the filing of the motion to substitute counsel and attendant order did not interrupt the accrual of time for purposes of abandonment. *See Chevron Oil Co. v. Traigle*, 436 So.2d 530 (La.1983).

to recover did not interrupt the abandonment period because none of the correspondence was served on the boat captain. The first circuit reasoned:

> Pursuant to La. C.C.P. art. 1474, the mailing of discovery pleadings to adverse parties, in accordance with La. C.C.P. art. 1313, satisfies the service requirement of La. C.C.P. art. 561. However, in order to satisfy La. C.C.P. art. 561, it is necessary that any discovery be mailed to all the parties to the action. In the present case, Bayou Fleet does not dispute receiving any of DOTD's letters by mail, but the record does not establish that any of the letters sent by these two parties were also served on Mr. Elsik, the other defendant in the suit. Thus, the letters were not "served on all parties" as required by La. C.C.P. art. 561. Because DOTD did not establish service of "formal discovery" on "all parties," it did not establish a "step" in the prosecution of the action. *See Stillman [v. Bd. of Supervisors of S. Univ. & Agric. & Mech. Coll.*, 07-2107, p. 4 (La.App. 1 Cir. 6/6/08), 992 So.2d 523,] 526.

*Bayou Fleet*, 37 So.3d at 1075-76 (all but last citation omitted) (footnote omitted).

The supreme court granted DOTD's writ of certiorari and reversed the first circuit's conclusion, stating: "Given the unique facts and circumstances of this case, we find defendant's correspondence was tantamount to formal discovery." *DOTD v. Bayou Fleet, Inc.*, 10-1215 (La. 7/2/10), 39 So.3d 585, 586. The court continued: "The serving of any discovery materials shall be considered a step in the prosecution or defense of an action for purposes of La.Code Civ. Proc. Art. 561, notwithstanding such discovery materials are not filed in the record of the proceedings. La.Civ.Code Proc. Art. 1474(C)(4)." *Id.*

As the first circuit noted in *Bayou Fleet*, La.Code Civ.P. art. 1474, in conjunction with La.Code Civ.P. art. 1313, provides for the service of discovery by mail. The first circuit interpreted Article 561 as requiring service of discovery on all defendants to constitute a step in the prosecution or defense of the action. The supreme court determined, however, that as long as service of discovery satisfies the requirements of Article 1474, it satisfies the requirements of Article 561.

7

Accordingly, the Guillorys' service of discovery on Pelican constituted a step in the prosecution of their actions against all the defendants for purposes of Article 561.

This result is especially applicable here where the facts alleged by the plaintiffs show that all the defendants are likely solidarily liable. In *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, p. 11 (La. 5/15/01), 785 So.2d 779, 787, abandonment was recognized as a form of liberative prescription and, therefore, "subject to prescription-based exceptions." The Civil Code provides in Article 1799, "The interruption of prescription against one solidary obligor is effective against all solidary obligors," and in Article 3503, "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors." Treating abandonment as a species of prescription and applying the Civil Code concept of interruption of prescription applicable to solidary obligors, we conclude that interruption of the three-year abandonment period as to one defendant who is solidarily liable with the other defendants interrupts the accrual of abandonment as to all the defendants with whom that defendant is solidarily liable. Therefore, even if the Guillorys' service of discovery on Pelican, Landry, McKnight, and Krupke was not sufficient to constitute a step in the prosecution of their claims under Article 561, application of this prescription-based exception yields the same result. For these reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

## DISPOSITION

The judgment dismissing the claims of Byron and Margo Guillory is reversed, and the matter is remanded to the trial court for further proceedings. All

costs are assessed to the defendants, Johnny Jones, Marla Landry, Brandi McKnight, Pelican Real Estate, Inc., Linda Krupke, and St. Paul Fire and Marine Insurance Company.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

DOCKET # 14-58

BYRON P. GUILLORY, ET UX.

VERSUS

PELICAN REAL ESTATE, INC., ET AL.

**GREMILLION, Judge, dissents.**

I respectfully dissent from the majority's decision. Louisiana Code of Civil Procedure Article 561(B) reads (emphasis added): "Any formal discovery as authorized by this Code *and served on all parties* whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."

The majority is correct that *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-912, (La. 12/6/11), 79 So.3d 978, held that a conference held pursuant to Rule 10.1 represented a step in the prosecution sufficient to halt the accrual of abandonment. However, that case involved the noticing of all parties of the conference. The majority acknowledges this holding but explains it away on the basis of first circuit jurisprudence.

"The sources of law are legislation and custom." La.Civ.Code art. 1. This article states the most fundamental principle in Louisiana judicial interpretation. Jurisprudence—especially a single case—does not constitute law; rather, the expression of the legislature does. The legislature spoke when it enacted Code of Civil Procedure article 561(B). Had the legislature intended to allow partial notice or notice to a single party in multi-party litigation, the legislature could have omitted the phrase "and served on all parties." But it did not omit those words, and

their inclusion is presumed to carry intent. *ABL Mgmt., Inc. v. Bd. of Sup'rs of Southern Univ.*, 00-798 (La. 11/28/00), 773 So.2d 131. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9.

The phrase "and served on all parties" must be given effect. It cannot be ignored. And in this case, the notice of the 10.1 conference was not served on all parties; therefore, in my opinion, the matter was abandoned.