KUHN, J.
1 ^Defendant-appellant, F & K Investments, LLC (F & K), and intervenors-appellants, C. Farrell Fruge, Jr., D.D.S., APDC (Fruge APDC), and C. Farrell Fruge, Jr. individually (Fruge), appeal the trial court’s judgment, which dismisses as untimely their claims for the measure of compensation to which each is entitled as a result of the acquisition of their property by plaintiffs-appellees, the City of Baton Rouge and Parish of East Baton Rouge (City/Parish), for a public purpose. We reverse in part; affirm as amended in part; and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On July 22, 2008, the City/Parish filed a petition, naming F & K as a defendant, which averred that for the purpose of street construction, it was necessary to acquire a tract of land taken from a larger tract in the Coursey Village subdivision believed to be owned by F & K.[1] Alleging that a reasonable price could not be agreed upon, the City/Parish estimated just compensation.[2]
On July 24, 2008, the trial court signed an order directing the deposit of $54,778.00, the highest estimate of the amount of just compensation, into the court’s registry and the surrender of the described property by F & K to the City/Parish. On November 26, 2009, the City/Parish filed into the record a notice of acceptance of work dated September 10, 2009.
F & K answered the lawsuit on June 26, 2012. Additionally, F & K, joined by Fruge APDC and Fruge, asserted claims of entitlement to additional compensation as 13a result of the City/Parish’s acquisition of the subject property, collectively alleging that they had engaged in the delivery of professional dental services to the public and had operated exclusively at the same location since 1986. They averred that prior to the acquisition of the property by the City/Parish, they had made “extensive plans ... to add an additional associate dentist,” expending in excess of $250,000.00 in improvements and projected an increase in net income in excess of $1,500,000.00. Collectively, F & K, Fruge APDC, and Fruge claimed that the additional dentist could not be accommodated “due to loss of parking” and sought reimbursement of those amounts; or alternatively, sought those same amounts “for a replacement facility plus moving costs.” They also requested attorney and expert fees, interest, and costs.
In response, the City/Parish filed motions to dismiss: one, directed at F & K, averred that its claim for additional compensation was untimely; and the other, directed at Fruge APDC and Fruge, urged that these parties had no rights or causes *763 of action relative to the property and that their claims were untimely asserted. After a hearing, the trial court granted both motions and dismissed all claims as having been untimely asserted. F & K, Fruge APDC, and Fruge have appealed.
TIMELINESS OF F & K’S CLAIM
La. R.S. 48:450B, contained in the chapter setting forth authority to expropriate and acquire property prior to judgment (commonly referred to as “quick taking”), provides in relevant part:
Where a portion of a lot, block, or tract of land is expropriated, any defendant may apply for a trial to determine the measure of compensation to which he is entitled, provided:
(1) He files an answer within one year from the date he is served, in the same manner provided for service of the petition, with a copy of the [City/Parish’s] notice of acceptance, which has been filed with the clerk of court of the parish in which the action is pending, declaring that it has finally accepted the construction of the highway project for which the property was expropriated; provided however, that he may file his answer at any time prior thereto;
14 (2) His answer sets forth the amount he claims, including the value of each parcel expropriated and the amount he claims as damages to the remainder of his property;
(3) His damage claim is reasonably itemized;
(4) His answer has a certificate thereon showing that a copy thereof has been served personally or by mail on all parties to the suit who have not joined in the answer.[3]
Urging that the one-year time frame is a prescriptive period, the City/Parish asserts that F & K’s answer, filed on June 26, 2012, well over a year after it was served with the notice of acceptance, was untimely. Thus, the City/Parish contends F & K has waived its right to challenge the amount of just compensation. We disagree.
La. R.S. 48:452 provides:
If a defendant fails to file his answer timely, the [City/Parish] shall thereafter give affirmative notice, by certified mail, to such defendant of the pendency of the proceedings. If an answer is not filed within ten days after the date on which such notice is mailed, the court shall render final judgment fixing just compensation in the amount deposited into the registry of court and awarding that sum to the defendant.
The record does not contain an affirmative notice sent by certified mail from the City/Parish to F & K, and the City/Parish does not maintain that it ever sent one. Thus, under an application of the plain language of La. R.S. 48:452, F & K’s answer is timely since it has until the expiration of ten days after the date the affirmative notice was mailed to file its answer.
The City/Parish contends that interpretation of La. R.S. 48:452 in such a manner nullifies the wording of La. R.S. 48:450B(1). Instead, the City/Parish, suggests that the provisions of La. R.S. 48:452 apply in instances where the expropriating authority has sued more than one defendant, and that the answer filed Rafter the affirmative notice permits a defendant to *764 contest the percentage of just compensation which may be collected by that defendant.
The courts adhere to the established principles of statutory construction, which begin with the language of the statute itself. The paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law. Laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject. Int’l Paper Co., Inc. v. Hilton, 2007-0290 (La.10/16/07), 966 So.2d 545, 558.
We find no conflict between the provisions of La. R.S. 48:450 and those of La. R.S. 48:452. Prior to its amendment La. Acts 1976, No. 391, La. R.S. 48:452 provided:
Upon failure of the defendant to answer within the times prescribed by Section 450 or Section 451 of this Part, as the case may be, judgment by default may be entered against him. This judgment must be confirmed as in other civil suits and, notwithstanding the periods within which answer is to be filed as prescribed by Section 450 or Section 451, the defendant may file his answer at any time prior to the confirmation of a default judgment against him.
In order to confirm a default it shall not be necessary for the [expropriating authority] to take the testimony of its appraisers but in lieu thereof their appraisal reports shall be filed in evidence and shall constitute prima facie proof of the compensation due defendant.
After the answer has been filed in accordance with this Section or Sections 450 or 451, the [expropriating authority] may fix the case for trial and the clerk of court shall thereupon issue a notice to each defendant of the time fixed for the trial. This notice shall be served at least twenty days before the time fixed for trial and in the same manner provided for the service of citations.
See State Through Dep’t. of Highways v. Baudy, 252 So.2d 553, 554 (La.App. 4th Cir.), writ refused, 259 La. 1048, 254 So.2d 461 (La.1971).
The present version of La. R.S. 48:452 is a streamlined version of the earlier express default judgment procedure through the implementation of an affirmative duty on the expropriating authority to provide a property owner with final notice of his constitutional right to compensation “to the full extent of his loss.” See La. Const. IfiArt. I, § 4(B)(5) (in every expropriation or action to take property, the owner shall be compensated to the full extent of his loss. Except as otherwise provided in the Constitution, the full extent of loss shall include, but not be limited to, the appraised value of the property and all costs of relocation, inconvenience, and any other damages actually incurred by the owner because of the expropriation).[4] Accordingly, the trial court’s conclusion dismissing F & K’s claims is reversed.
TIMELINESS OF INTERVENORS’ CLAIMS
According to the allegations of their pleading, Fruge APDC and Fruge joined with F & K in a demand for additional compensation. Although they assert that along with F & K they “are collectively engaged in the delivery of professional dental services to the public in a solo *765 practice under the name of C. Farrell Fruge, Jr., D.D.S., and have operated exclusively at the same location since 1986,” neither has been named a defendant in this expropriation suit. Thus, their claims are properly asserted as intervenors rather than plaintiffs-in-reconvention. See La. C.C.P. arts. 1061A (the defendant in the principal action may assert in a reconven-tional demand any causes of action which he may have against the plaintiff in the principal action) and 1091 (a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by uniting with defendant in resisting the plaintiffs demand).
The trial court sustained the City/Parish’s peremptory exception raising the objection of prescription, finding that inter-venors’ claims were untimely asserted. On appeal, intervenors challenge that conclusion. Before addressing the correct prescriptive period applicable to these in-tervenors’ claims, we must first determine whether they have an interest in property that the City/Parish has taken from them without compensating them. See State Dep’t. of Transp. and Dev. v. Jacob, 488 So.2d 592, 595 (La.1986).
We begin by examining the contents of the intervenors’ pleading. Although they aver, along with F & K, the collective engagement in dental services and an exclusive operation at the same location, they do not identify the location or allege any direct connexity with the expropriated property. While a liberal reading of their allegations leads to an inference of some arrangement with F & K, whom they have joined in their intervention claims, there is no allegation describing the nature of their interest in the expropriated property.[5]
 This court may raise on our own motion a peremptory exception objecting on the basis of the failure of the pleading to disclose a right of action. See La. C.C.P. art. 927B. The function of the exception of no right of action is to determine whether the intervenors belongs to a class of persons to whom the law grants the cause of action asserted in the suit. The focus in an exception of no right of action is on whether the particular interve-nors have a right to bring the suit, but it assumes that the pleading states a valid cause of action for some person and questions whether this party is a member of the class that has a legal interest in the subject matter of the litigation. See Gibbs v. Delatte, 2005-0821 (La.App. 1st Cir.12/22/05), 927 So.2d 1181, 1135, writ denied, 2006-0198 (La.4/24/06), 926 So.2d 548.
[^Because intervenors have failed to set forth facts sufficient to ascertain what *766 property the City/Parish has allegedly taken from them without compensating them to the full extent of their loss, they have failed to state a right of action entitling them to relief. Thus, although the trial court correctly granted the City/Parish’s motion to dismiss, the correct basis was intervenors’ failure to state a right of action.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. Accordingly, the matter is remanded to the trial court with instructions that an order be issued to intervenors to amend their pleading to state a right of action against the City/Parish within a delay deemed reasonable by the trial court.
DECREE
Accordingly, for these reasons, that portion of the trial court’s judgment granting the City/Parish’s motion to dismiss and dismissing F & K’s claim for additional compensation is reversed. That portion of the trial court’s judgment granting the City/Parish’s motion to dismiss interve-nors’ claims on the basis of prescription is amended to dismiss intervenors’ claims on the basis of failing to state a right of action; and, as amended, is affirmed. Appeal costs in the amount of $587.50 are assessed one-half to the City of Baton Rouge and Parish of East Baton Rouge and one-half to C. Farrell Fruge, Jr., D.D.S., APDC and C. Farrell Fruge, Jr. individually.
REVERSED IN PART; AMENDED AND, AS AMENDED, AFFIRMED IN PART; REMANDED WITH ORDER.

. The property is described as "Parcel 1-7, being a certain parcel or tract of land taken from a larger tract, said larger tract being designated as Lot 1, Coursey Village Subdivision; East Baton Rouge Parish, Louisiana, said Parcel 1-7, being more particularly shown on a map ... recorded at Original 547, Bundle 12057, in the office of the Clerk of Court.” The City/Parish described improvements on or in the property it sought to acquire as concrete paving, concrete curbing, two concrete parking bumpers, as well as gas, water, and sewer laterals.

. Additionally, the City/Parish averred that it had provided or attempted to provide the owner of the property the name and qualifications of the persons who prepared the estimate of just compensation, the methods of determining the estimates, as well as the amounts of those estimates prior to filing the petition.

. Although the legislation expressly provides a "quick taking” mechanism for expropriation by the Department of Transportation and Development, see La. R.S. 48:441, a political subdivision is also entitled to utilize the "quick taking” procedure pursuant to the Local Services Law, R.S. 33:1321-1337. City of Baton Rouge v. Johnca Properties, L.L.C., 2000-2524 (La.6/1/01), 794 So.2d 766, 772-73.

. Our conclusion is underscored by the July 22, 1976 Minutes of the House Committee-Civil Law and Procedure Meeting at which David Ellison explained that the proposed law required among other things a "second notice to landowner who failed to answer original suit.”

. Attached to a responsive memorandum in-tervenors filed in conjunction with the City/Parish's peremptory exceptions is a copy of a document entitled, "TRANSFER AND ASSIGNMENT." According to this document, dated June 19, 2008, prior to the filing of the expropriation proceeding, F & K conveyed and assigned to intervenors the usu-fruct, use, and utility of the tract of land from which the City/Parish expropriated a smaller tract and additionally conveys and assigns to intervenors all litigious and other personal rights and interests in and to any expropriation or other eminent domain proceeding involving that same larger tract. But neither the minutes nor the transcript of the proceeding show that the document was admitted into evidence and considered by the trial court. And the document was not annexed to the intervenors' pleading. Thus, the document is not properly considered on review. See Niemann v. Crosby Dev. Co., LLC, 2011-1337 (La.App. 1st Cir.5/3/12), 92 So.3d 1039, 1045 (evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record; in particular, documents attached to memoran-da do not constitute evidence).