CRAIN, J.
jjn this expropriation proceeding, the landowner appeals the trial court’s judgment that, in pertinent part, dismissed the landowner’s claim for an increase in compensation. The landowner challenges the trial court’s determination that the expropriating authority did not waive its right to plead abandonment when its counsel attended a deposition after the accrual of the abandonment period. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
On June 8, 2000, the City of Baton Rouge and the Parish of East Baton Rouge (collectively “City-Parish”) filed suit against Smuggy’s Corporation, Inc. seeking to acquire certain immovable property owned by Smuggy’s for the purpose of street construction and other improvements pursuant to the “quick taking” procedure set forth in Louisiana Revised *204 Statutes 48-441-460.[1] The City-Parish alleged that just compensation for the property was $33,496.00 and deposited that sum into the registry of the court. The property was adjudicated to the City-Parish pursuant to an order of expropriation signed by the trial court on June 12, 2000.
On January 10, 2001, Smuggy’s filed an answer and sought additional compensation for the property. Pursuant to Louisiana Revised Statutes 48:450 and 48:452.1, the filing of the answer perfected Smug-gy’s claim for an increase in the compensation and essentially placed Smuggy’s in the posture of a plaintiff-in-reconvention. On that same date, and subject to its allegations seeking additional compensation, Smuggy’s requested and obtained a court order permitting it to withdraw the funds deposited by the City-Parish into the registry of the court.
| ¾After Smuggy’s withdrew the funds, the suit record reflects no further activity until March 28, 2003, when Smuggy’s filed a motion for a status conference for the purpose of obtaining a case management order. On April 17, 2003, the trial court issued an order setting discovery and other pre-trial deadlines. The next document filed in the suit record is a motion for a pretrial conference filed on November 16, 2004, followed by interrogatories and requests for production of documents propounded on June 21, 2006.
No further steps were taken in the prosecution or defense of the action until January 4, 2013, when Smuggy’s noticed the deposition of James Lipscomb, a real estate appraiser previously retained by the City-Parish to appraise the subject property.[2] The deposition took place on January 18, 2013, and was attended by counsel for both parties. Smuggy’s then filed a motion for status conference on August 6, 2013.
On October 9, 2013, approximately ten months after its counsel attended the deposition of its expert, the City-Parish filed a motion for final judgment and dismissal for abandonment based upon Section 48:452.1A, which provides:
An owner’s claim for an increase in the compensation is perfected when he timely files his answer as provided in R.S. 48:450 and is thereafter abandoned when he fails to take any step in the prosecution of that claim for a period of three years. This provision shall be operative without formal order, but on ex parte motion of the department the trial court shall render final judgment fixing just compensation in the amount deposited in the registry of the court and awarding that sum to the defendant and dismissing with prejudice any claim for any increase in compensation.
In its motion to dismiss, the City-Parish contended that the period of inaction began on June 21, 2006, the date of the *205 interrogatories and requests for production |4of documents, and did not end until January 4, 2013, when Smuggy’s counsel sent the notice of deposition. In its opposition to the motion, Smuggy’s conceded that it failed to take any step in the prosecution of the case for at least three years but contended that the City-Parish waived its right to claim abandonment by attending and participating in Lipscomb’s deposition on January 18, 2013.
The trial court rejected the waiver argument and on December 2, 2013, signed a judgment in accordance with Section 48:452.1A that fixed just compensation in the amount deposited into the registry of the court, awarded that sum to Smuggy’s, and dismissed, with prejudice, any claim for an increase in the compensation. Smuggy’s appealed the judgment and assigns as error the trial court’s finding that the abandonment period did not begin to run anew from January 18, 2013, the date of Lipscomb’s deposition.
LAW AND ANALYSIS
Section 48:452.1A provides that if an owner seeking additional compensation “fails to take any step in the prosecution of that claim for a period of three years,” the claim is abandoned. This language is similar to the pertinent provisions of Louisiana Code of Civil Procedure article 561A(1), the general article governing abandonment of actions, which provides that an action “is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” Under Article 561, a party takes a “step” in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Company v. Traigle, 436 So.2d 530, 532 (La.1983); Porter v. Progressive Specialty Insurance Company, 99-2542 (La.App. 1 Cir. 11/8/00), 771 So.2d 293, 294.
Abandonment functions to relieve courts and parties of lingering claims. When the parties take no steps in the prosecution or defense of their claims during | ¡;an extended period of time, as designated by the legislature, the logical inference is that the party intends to abandon the claim, and the law gives effect to this inference. See Clark v. State Farm Mutual Automobile Insurance Company, 00-3010 (La.5/15/01), 785 So.2d 779, 786-87; Satterthwaite v. Byais, 05-0010 (La.App. 1 Cir. 7/26/06), 943 So.2d 390, 392-393. Abandonment under Article 561 is self-executing; it occurs automatically upon the passing of three years without either party taking a step, and it is effective without a court order. Clark, 785 So.2d at 784; Compensation Specialties, L.L.C. v. New England Mutual Life Insurance Company, 08-1549 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, 279, writ denied, 09-0575 (La.4/24/09), 7 So.3d 1200. Similarly, under Section 48:452.1A, the abandonment of the claim “shall be operative without formal order.”
However, a party can waive his right to plead abandonment by taking post-abandonment actions that are inconsistent with the intent to treat the case as abandoned. See Clark, 785 So.2d at 785; Hutchison v. Seariver Maritime, Inc., 09-0410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 994, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946; Satterthwaite, 943 So.2d at 393. To constitute a waiver, the actions must be “steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant’s willingness or consent to achieve judicial resolution of the dispute.” Compensation Specialties, L.L.C, 6 So.3d at 284 (quoting Satterthwaite, 943 So.2d at 393). In determining whether a waiver occurred, the jurisprudence has recognized the appro *206 priateness of considering the “qualitative effect” of the party’s conduct. Clark, 785 So.2d at 792. Emphasizing “substance over form,” the Clark court found that an uninsured motorist insurer’s unconditional tender of benefits constituted a waiver because the | fi tender had the substantive effect of limiting the insurer’s exposure for penalties and attorney’s fees. Clark, 785 So.2d at 792-793.[3]
Whether a particular act, if proven, precludes abandonment is a question of law that an appellate court reviews by simply determining whether the trial court’s interpretative decision is correct. Hutchison, 22 So.3d at 992; Brown v. Kidney and Hypertension Associates, L.L.P., 08-0919 (La.App. 1 Cir. 1/12/09), 5 So.3d 258, 264. An appellate court owes no deference to the legal conclusions of the trial court. Jackson v. Moock, 08-1111 (LaApp. 1 Cir. 12/23/08), 4 So.3d 840, 843. The pertinent facts in this matter are undisputed, so the issues before the court are limited to questions of law.
The jurisprudence provides the following examples of conduct that constitutes a waiver of the right to plead abandonment: (1) submitting a case for decision by filing a motion for summary judgment (see Chevron Oil Company, 436 So.2d at 531); (2) making an unconditional tender of uninsured motorist benefits, see Clark, 785 So.2d at 789); (3) filing an answer to a supplemental petition (see Bell v. Kreider, 04-594 (La.App. 5 Cir. 11/30/04), 890 So.2d 648, 651, writ denied, 05-0029 (La.4/29/05), 901 So.2d 1062); (4) participating in a status conference and signing a case management schedule (see Seagrave v. Dean, 98-1295 (La.App. 1 Cir. 7/6/99), 739 So.2d 923, 924 writ denied, 99-2856 (La.12/17/99), 751 So.2d 879; see also Tessier v. Pratt, 08-1268 (La.App. 1 Cir. 2/13/09), 7 So.3d 768, *207 773); (5) filing answers to interrogatories (see State Through Department of Highways v. Enserch Corporation, 559 So.2d 787, 789 (La.App. 1 Cir.), writ denied, 567 So.2d 85 (La.1990)); and (6) forwarding correspondence to opposing counsel requesting proposed dates for a scheduling order to be filed with the court (see Hutchison, 22 So.3d at 995-996).
Conversely, courts found the following conduct did not give rise to a waiver of abandonment: (1) informal settlement negotiations (see Food Perfect, Inc. v. United Fire and Casualty Company, 12-2492 (La.1/18/18), 106 So.3d 107, 108 (per curiam); see also Porter, 771 So.2d at 295); (2) a request to pursue mediation (see Gallagher v. Cook, 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, 83); (3) opposing a motion to compel (see Phillips v. Conrad Industries, Inc., 07-2035 (La.App. 1 Cir. 6/6/08), 2008 WL 2567654, writ denied, 08-1554 (La.10/10/08), 993 So.2d 1287); and (4) attending a pretrial conference where abandonment of the case was apparently discussed (see Willey v. Roberts, 95-1037 (La.App. 1 Cir. 12/15/95), 664 So.2d 1371, 1376, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422).
The jurisprudence has also recognized that once a party has formally raised the issue of abandonment, actions taken to defend the case pending a final ruling on the claim of abandonment will not serve to revive an abandoned claim. See Compensation Specialties, L.L.C, 6 So.3d at 284 (participating in a status conference and responding to discovery while seeking appellate review of the |sdenial of a plea of abandonment did not constitute a waiver); Slaughter v. Arco Chemical Company, 05-0657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387, 398 (filing a memorandum in opposition to a rule to show cause was not a waiver where the memorandum was filed contemporaneously with a motion to dismiss based on abandonment).
Smuggy’s contends that a waiver occurred in this case because counsel for both parties “jointly scheduled, attended and actively participated in the deposition” of the City-Parish’s expert, and that “the joint conduct of both parties [of] taking a deposition was a step in the discovery process ... which was inconsistent with the intent to treat the case as abandoned.” Smuggy’s cites Article 561B, which provides, in pertinent part, that “the taking of a deposition ... shall be deemed to be a step in the prosecution or defense of an action.” Similarly, Louisiana Code of Civil Procedure article 1446D provides, “The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings.” According to Smuggy’s, if the taking of a deposition is sufficient to interrupt the three year abandonment period before it accrues, then the taking of a deposition should likewise be sufficient' to constitute a waiver of abandonment after the expiration of the three year period.
The City-Parish initially counters by asserting that the waiver exception is a jurisprudential development that should be limited to a plea of abandonment under Article 561 and should not be applied to Section 48:452.1A. However, this court has previously extended the waiver exception to the application of Section 48:452.1A in order to provide a “consistent judicial interpretation” of both provisions. See Enserch Corporation, 559 So.2d at 789, n.1. Nevertheless, in an effort to distinguish the two provisions, the City-Parish relies on language in Section 48:452.1A that requires that a judgment of dismissal issued thereunder be |9“with prejudice,” whereas Article 561, which is silent as to the nature *208 of the dismissal, has consistently been construed to result in a dismissal -without prejudice. See Paternostro v. Falgoust, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 24, writ denied, 04-2524 (La.12/17/04), 888 So.2d 870; St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-0937 (La.App. 1 Cir. 12/15/95), 665 So.2d 801, 802. According to the City-Parish, the “dismissals are legally declared to be ‘operative without formal order,’ [so] it is logically inconsistent to declare that a case dismissed with prejudice could somehow be revived by post dismissal action.”
The flaw in this argument is that Section 48:452.1A does not declare that a dismissal with prejudice is operative without a formal order. Rather, the statute provides that the abandonment of the case is operative without formal order. To obtain a final judgment dismissing the landowner’s claim with prejudice, the expropriating authority is required to file an “ex parte motion,” which the City-Parish did not do in this case until approximately ten months after Lipscomb’s deposition. The actions that Smuggy’s contend constituted a waiver occurred well before the filing of the motion to dismiss and were not “post dismissal” as claimed by the City-Parish.
We also note that Section 48:452.1A provides that the “owner’s claim” is abandoned when “he fails to take any step in the prosecution” of the claim for three years, while Article 561 states that an action is abandoned when “the parties fail to take any step in its prosecution or defense ” for three years. (Emphasis added.) For purposes of a waiver of abandonment, we do not find this distinction material. The waiver doctrine is based on the notion of waiver of prescription and is not dependent upon any particular language in the abandonment statutes governing what constitutes a “step” necessary to interrupt abandonment before it accrues. Cf. Clark 785 So.2d at 787. Even if “steps” taken by the expropriating authority in | ^defense of an owner’s claim could not interrupt the abandonment period, the expropriating authority may nevertheless waive the accrual of the abandonment by taking actions inconsistent with an intent to treat the demand as abandoned. Cf. Enserch Corporation, 559 So.2d at 789. A party’s ability to waive abandonment of a claim, even when actions by that same party would not be considered a “step” for purposes of an interruption of the abandonment period, is further confirmed by jurisprudence that applied the waiver doctrine to claims of abandonment under previous Louisiana Civil Code article 3519, which was in effect prior to the adoption of Article 561 in 1960. Article 3519, similar to current Section 48:452.1A, provided that a claim was abandoned if “the plaintiff’ failed to take any steps in the prosecution thereof within the applicable delay; however, the supreme court repeatedly held that a defendant could waive the right to claim abandonment under that article. See, e.g., Green v. Small, 227 La. 401, 410-411, 79 So.2d 497, 500 (1955); Geisenberger v. Cotton, 116 La. 651, 655, 40 So. 929, 930 (1906).[4]
Accordingly, despite the differences in the statutory language of Section 48:452.1A and Article 561, we see no reason to depart from this court’s precedent establishing that a plea of abandonment under Section 48:452.1A may be waived in the same manner recognized by our courts in the application of Article 561. See En-serch Corporation, 559 So.2d at 789 n. 1.
The City-Parish argues that the attendance of Lipscomb’s deposition is not sufficient to constitute a waiver of abandonment, because its counsel “did not initiate or instigate setting the deposition, and *209 did not question the witness.” For support, the City-Parish cites Jackson v. Moock, 08-1111 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, wherein this court considered whether an attorney’s cooperation in the scheduling of depositions constituted a waiver of his client’s fright to assert abandonment of the case. Finding that the alleged agreement to a date for the depositions was “not tantamount to any expression of willingness or consent to achieve a judicial resolution” to the case, this court held that the defendants did not waive their right to plead abandonment. Jackson, 4 So.3d at 845. However, significantly, the court pointed out that the depositions in that matter never took place. Jackson, 4 So.3d at 845.
The Jackson court cited In re Succession of Wright, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, 930, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632, wherein a party filed a motion to dismiss the suit based on abandonment and then submitted to a deposition. The court held that the party did not waive his right to plead abandonment, explaining, “Defendant presumably felt secure in appearing for the deposition because the motion to dismiss the suit on grounds of abandonment had already been filed prior to his appearance at the deposition.” Succession of Wright, 855 So.2d at 930. This is in accord with the jurisprudence recognizing that once a party has formally raised the issue of abandonment, actions taken to defend the case pending a final ruling on the claim of abandonment will not serve to revive an abandoned claim. See Compensation Specialties, L.L.C., 6 So.3d at 279; Slaughter, 931 So.2d at 398.
The relevant actions in the present case are not limited to a party’s cooperation in the scheduling of a deposition or the attendance of a deposition after the party formally asserted the plea of abandonment by filing a motion to dismiss. Here, counsel for the City-Parish attended the deposition, which took place at his office, and he did not file the motion to dismiss until approximately ten months later. Moreover, the deponent was the City-Parish’s expert witness. By allowing, then attending, the deposition of its own expert witness, without objection, the City-Parish voluntarily participated in formal discovery that allowed Smuggy’s to obtain specific information from the expert concerning his opinions, qualifications, | iaand methodology. Much like the filing of answers to interrogatories, the production of that information through a deposition is a step that facilitates the judicial resolution of the dispute on the merits. See Enserch Corporation, 559 So.2d at 789 (In a claim seeking additional compensation under Section 48:452.1A, the court held that the “filing of the detailed answers to interrogatories by plaintiff served to facilitate judicial resolution of each dispute on -the merits and exhibited a willingness to achieve judicial resolution of the dispute.”)
As pointed out by Smuggy’s, Articles 561B and 1446D provide that “the taking of a deposition” is a step in the prosecution or defense of an action. While we recognize that the City-Parish’s counsel did not ask the witness any questions and, therefore, did not “take” the deposition, his formal presence at the deposition on behalf of his client, without any objection or reservation of rights, can only be construed as an expression of the City-Parish’s willingness or consent to achieve judicial resolution of the dispute. Finding that action to be inconsistent with the intent to treat the case as abandoned, we hold that the City-Parish waived the right to plead abandonment of Smuggy’s claim for additional compensation by attending the deposition of its own expert witness. See True Gospel of Jesus Christ Church Ministry v. Doucette, 08-0634 (La.App. 4 Cir. *210 11/19/08), 999 So.2d 795, 799 (noting that a party “waived its right to plead abandonment when it produced its client ... for [a] deposition”). Therefore, the trial court committed legal error in finding that the abandonment period did not recommence on January 18, 2013, the date of Lipscomb’s deposition.
CONCLUSION
We reverse the December 2, 2013 judgment of the trial court and remand for further proceedings. Costs of this appeal in the amount of $527.00 are assessed to the City of Baton Rouge and the Parish of East Baton Rouge.
REVERSED AND REMANDED.
PARRO, J., concurs and assigns reason.
McDONALD, J., concurs for the reasons assigned by Judge PARRO.

. Although Louisiana Revised Statute 48:441 expressly provides a “quick taking” mechanism for expropriation by the Department of Transportation and Development, a political subdivision is also entitled to utilize the procedure pursuant to Louisiana Revised Statutes 33:1321-1337. See City of Baton Rouge v. Johnca Properties, L.L.C., 00-2524 (La.6/1/01), 794 So.2d 766, 772-73; City of Baton Rouge v. F & K Investments, LLC, 13-0501 (La.App. 1 Cir. 11/1/13), 135 So.3d 760, 763.

. The only documents filed in the suit record after June 21, 2006, and before Lipscomb’s deposition were three motions to withdraw or enroll as counsel for Smuggy's, which are not considered steps in the prosecution or defense of the action. See Chevron Oil Company v. Traigle, 436 So.2d 530, 532-533 (La.1983); Compensation Specialties, LLC v. New England Mutual Life Insurance Company, 08-1549 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, 280, writ denied, 09-0575 (La.4/24/09), 7 So.3d 1200.

. The waiver exception is based on the well-established rule that prescription can be interrupted by acknowledgment, and the abandonment period has been described as "a form of liberative prescription.” See Clark, 785 So.2d at 787; Porter, 771 So.2d at 295. In Clark, the supreme court held that a waiver by acknowledgment can occur before the accrual of the abandonment period and cause the period to begin anew. Clark, 785 So.2d at 789. The supreme court previously recognized that when such actions occur after the accrual of the abandonment period, the waiver concept is more similar to "renunciation” of prescription under Louisiana Civil Code article 3449. See Chevron Oil Company, 436 So.2d at 535, n. 4 (citing former La. Civ.Code arts. 3460 and 3461). Although renunciation is subject to stringent proof requirements, see Geiger v. State ex rel. Department of Health and Hospital, 01-2206 (La.4/12/02), 815 So.2d 80, 86 ("renunciation must be clear, direct, and absolute”), the court in Clark stated that "the same standard for determining if action of the defendant results in waiver and thereby an interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed.” Clark, 785 So.2d at 789. Cf. Satterthwaite, 943 So.2d at 393, n. 4 (describing the foregoing statement in Clark as dicta); Slaughter v. Arco Chemical Company, 05-0657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387, 392-394 (questioning Clark for disregarding the distinction between acknowledgment and renunciation but, in accordance with the court’s directive, applying the waiver-by-acknowl-edgement standard for determining whether post-abandonment actions constituted a waiver of the abandonment). In accordance with the supreme court’s apparent directive in Clark as well as subsequent jurisprudence from this court applying Clark’s standard to determine whether post-abandonment actions recommenced the abandonment period, we decline to apply the more stringent proof requirements of renunciation to determine the effect of the City-Parish’s post-abandonment actions in this case. See Jackson v. Moock, 08-1111 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, 844-845; Tessier v. Pratt, 08-1268 (La.App. 1 Cir. 2/13/09), 7 So.3d 768, 772-773; Compensation Specialties, L.L.C, 6 So.3d at 284; Phillips v. Conrad Industries, Inc., 07-2035 (La.App. 1 Cir. 6/6/08), 2008 WL 2567654, writ denied, 08-1554 (La.10/10/08), 993 So.2d 1287.

. For prior text of Article 3519 and related discussion, see Clark, 785 So.2d at 787-788.