STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0623

GINA MOISE, ROBERT SOUTHARD, JR. AND KEVIN SOUTHARD,
INDVIDUALLY AND ON BEHALF OF BETTY SUE SOUTHARD (D)

VS.

BATON ROUGE GENERAL MEDICAL CENTER, ET AL

Judgment rendered: **APR 2 0 2023**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 666,291

The Honorable Trudy M. White, Judge Presiding

* * * * *

| | |
|---|---|
| Benjamin P. Mouton | Attorneys for Plaintiffs/Appellants |
| Daniel J. McGlynn | Gina Moise, Robert Southard, Jr., and |
| Eric E. Helm | Kevin Southard |
| Baton Rouge, Louisiana | |
| | |
| Craig J. Sabottke | Attorneys for Defendants/Appellees |
| Michael M. Remson | Baton Rouge General Medical Center, et al |
| Courtenay S. Herndon | |
| Baton Rouge, Louisiana | |

* * * * *

**BEFORE: GUIDRY, C.J., McCLENDON, HOLDRIDGE, HESTER, AND
GREENE JJ.**

Hester, J. concurs.

**HOLDRIDGE, J.**

The plaintiffs, Gina Moise, Robert Southard, Jr., and Kevin Southard, appeal the trial court judgment denying their motion to set aside the order of dismissal. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2018, the plaintiffs filed a petition for damages, wrongful death and survival action against the defendants, Baton Rouge General Medical Center-Bluebonnet, Robert Territo, M.D., Baharesh Binesh, M.D., Bayley Hubble, D.O., and Ramandeep Singh, M.D., alleging various acts of medical negligence.[1] On June 21, 2018, Baton Rouge General Medical Center-Bluebonnet, Robert Territo, D.O., Bayley Hubble, D.O., and Ramandeep Singh M.D., answered the plaintiffs' petition generally denying all allegations of negligence. On August 1, 2018, Baharesh Binesh, M.D., answered the plaintiffs' petition, generally denying all allegations of negligence against him.

On October 19, 2021, the defendants filed an ex parte motion to dismiss the suit on grounds of abandonment pursuant to La. C.C.P. art. 561. The defendants asserted that no step had been timely taken in the prosecution or defense of the action for three years and therefore the case was abandoned by operation of law as mandated by La. C.C.P. art. 561.[2] The defendants argued that the last action taken in the prosecution or defense of the suit was on September 11, 2018, when the defendants provided discovery responses to the plaintiffs. In support of their motion, one of the defendants' attorneys, Courtenay S. Herndon, filed an affidavit attesting that the defendants "ha[d] not been served with any discovery requests, responses,

---

[1] Baton Rouge General Medical Center–Bluebonnet was erroneously named as Baton Rouge General Medical Center, General Health System, in the plaintiffs' petition.

[2] Louisiana Code of Civil Procedure article 561(A)(1) provides, in pertinent part:

> An action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

2

pleadings, or notices for a period in excess of three (3) years from the last action taken by any party in prosecution of this case which was September 11, 2018[.]" On October 20, 2021, the trial court signed the defendants' ex parte motion to dismiss the suit on the grounds of abandonment, dismissing the plaintiffs' claims pursuant to La. C.C.P. art. 561(A).

On November 12, 2021, the plaintiffs filed a motion to set aside the order of dismissal. Counsel for the plaintiffs submitted with its motion an affidavit from Benjamin Mouton, the plaintiffs' attorney, that attested the following:

> 7. Shortly after filing the lawsuit against Baton Rouge General Medical Center and the resident physicians, [Mr. Mouton] called [Michael] Remson[, the defendants' attorney,] and asked if [Mr. Mouton needed] to file a formal Motion to Stay the lawsuit against all of the defendants until the case against Dr. Reddy and Dr. Thames was decided by the medical review panel;
>
> 8. Mr. Remson advised [Mr. Mouton] that, similar to other cases [they] ... had together in the past and since this one, a formal Motion to Stay the lawsuit would not be necessary;
>
> 9. Rather, [they] agreed to an informal stay of the lawsuit as to all of the plaintiffs and all of the defendants until an [o]pinion was rendered on the claims made against Dr. Reddy and Dr. Thames[;]
>
> ****
>
> 11. While this agreement by all parties to informally stay the lawsuit .... was never memorialized in a letter or email between counsel, it was confirmed to [Mr. Mouton] ... in a string of intra-office emails on May 31, 2018[; and]
>
> ****
>
> 24. In a letter dated August 13, 2020, Mr. Remson as counsel for Dr. Reddy in Suit No. 697,648 and who simultaneously was counsel for [sic] record for all of the defendants in Suit No. 666,291, proposed filing a Motion to Consolidate the two lawsuits[.]

Mr. Mouton also testified at the hearing on the motion to set aside the order of dismissal. His testimony was in accordance with the information contained in the affidavit that was filed with the plaintiffs' motion.

The defendants opposed the plaintiffs' motion to set aside the order of dismissal arguing that September 11, 2018, was the date of the last step taken by any party in this case. The defendants attached to their memorandum their discovery

3

responses that evidenced that September 11, 2018, was the date that the discovery responses were submitted to the plaintiffs. However, the defendants did not offer an affidavit, any documents, or evidence to contradict the allegations made in the affidavit submitted by Mr. Mouton, the plaintiffs' attorney.

On March 15, 2022, the trial court held a hearing on the plaintiffs' motion to set aside the order of dismissal. After hearing arguments and the testimony of Mr. Mouton, the trial court denied the plaintiffs' motion. The trial court signed a judgment on April 7, 2022. Subsequently, the plaintiffs devolutively appealed the trial court judgment.

## APPLICABLE LAW

Louisiana Code of Civil Procedure article 561 governs abandonment and provides, in pertinent part:

> A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
>
> ****
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
>
> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
>
> (5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
>
> ****
>
> B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

4

Louisiana Code of Civil Procedure article 561 imposes three requirements to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La. 5/15/01), 785 So.2d 779, 784. A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. Louisiana Dep't of Transp. and Development v. Oilfield Heavy Haulers, L.L.C., 2011-0912 (La. 12/6/11), 79 So.3d 978, 981.

There are two jurisprudential exceptions to the abandonment rule that appear outside of the record that interrupts the abandonment period. Id. at 985. These exceptions include: (1) a plaintiff's failure to prosecute based on circumstances beyond the plaintiff's control; or (2) a defendant's waiver of the right to assert abandonment by taking action inconsistent with an intent to treat the case as abandoned. Id. at 985. The waiver exception is based on the well-established rule that prescription can be interrupted by acknowledgment.[3] City of Baton Rouge/Parish of East Baton Rouge v. Smuggy's Corp., Inc., 2014-0134 (La. App. 1 Cir. 10/16/14), 156 So.3d 202, 206 n.3. The abandonment period has been described as "a form of liberative prescription." Id. In Gilbert v. Metropolitan Life Insurance

---

[3] The jurisprudence provides the following examples of conduct that constitutes a waiver of the right to plead abandonment: (1) submitting a case for decision by filing a motion for summary judgment; (2) making an unconditional tender of uninsured motorist benefits; (3) filing an answer to a supplemental petition; (4) participating in a status conference and signing a case management schedule; (5) filing answers to interrogatories; and (6) forwarding correspondence to opposing counsel requesting proposed dates for a scheduling order to be filed with the court. Conversely, courts found the following conduct did not give rise to a waiver of abandonment: (1) informal settlement negotiations; (2) a request to pursue mediation; (3) opposing a motion to compel; and (4) attending a pretrial conference where abandonment of the case was apparently discussed. City of Baton Rouge/Parish of East Baton Rouge v. Smuggy's Corp., Inc., 2014-0134 (La. App. 1 Cir. 10/16/14), 156 So.3d 202, 206-07 (internal citations omitted).

5

Company, 2020-0850 (La. App. 1 Cir. 2/22/21), 321 So.3d 1023, 1032, writ denied, 2021-00441 (La. 5/25/21), 316 So.3d 444, this court held that a waiver by acknowledgment can occur before or after the accrual of the abandonment period and cause the period to begin anew. See also Clark, 785 So.2d at 789. This court further stated in Gilbert that "unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant's post-abandonment actions can serve to waive its right to plead abandonment. That a defendant's conduct occurred before the abandonment period elapsed as opposed to after is thus a distinction without a difference." Gilbert, 321 So.3d at 1032. The acknowledgment standard for interrupting the abandonment period is a less stringent evidentiary requirement than the renunciation of prescription standard that would occur after the accrual of the abandonment period. See City of Baton Rouge/Parish of East Baton Rouge, 156 So.3d at 206 n.3.

As a general rule, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Louisiana Dep't of Transp. and Development, 79 So.3d at 986; see also Hargis v. Jefferson Parish, 2000-0072 (La. 3/17/00), 755 So.2d 891 (per curiam) (reversing a finding of abandonment based on a letter to the clerk of court requesting service on defendants, which was not filed in the record).

The supreme court has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. The intention of La. C.C.P. art. 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the case. For the purpose of

determining abandonment, the intent and substance of a party's actions matter far more than technical compliance. Louisiana Dep't of Transp. and Development, 79 So.3d at 981-82.

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error review on appeal. BAC Home Loans Servicing, LP v. Louis, 2020-0717 (La. App. 1 Cir. 5/13/21), 326 So.3d 904, 909. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. Id.

## DISCUSSION

In sum, the plaintiffs argue on appeal that the trial court erred in denying their motion to set aside the order of dismissal and in not considering the informal stay between the parties, as well as the steps taken in the prosecution and defense in the medical review panel proceeding. The evidence submitted by the plaintiffs in support of their motion to set aside the order of dismissal includes an affidavit and the testimony of the plaintiffs' attorney, Mr. Mouton, wherein he asserts that he discussed an informal stay of this case with the defendants' attorney. The affidavit of the plaintiffs' attorney, Mr. Mouton, references a letter sent by the defendants' attorney on August 13, 2020, which was submitted as an exhibit with the plaintiffs motion. Also attached to the plaintiffs' motion is informal correspondence between the plaintiffs' attorney and his staff about an "informal stay" for the case dated May 31, 2018. Therefore, the plaintiffs argue that this informal stay between the parties, and the acknowledgment by the attorney for the defendants that both cases were pending and should be consolidated, satisfied an exception to La. C.C.P. art. 561 and that the defendants waived their right to assert an abandonment claim.

7

This circuit has recognized that informal negotiations are not steps in the prosecution. See Ellis v. Louisiana Casino Cruises, Inc., 2021-0148 (La. App. 1 Cir. 10/18/21), 2021 WL 4843823 at *5 (unpublished).[4] "Extrajudicial efforts," such as informal correspondence between the parties, have uniformly been held to be insufficient to constitute a step for purposes of interrupting abandonment. Id.; Burgess, Inc. v. Parish of St. Tammany, 2017-0153 (La. App. 1 Cir. 10/25/17), 233 So.3d 58, 68, writ denied, 2017-2179 (La. 2/23/18), 237 So.3d 515. See also Jackson v. Moock, 2008-1111 (La. App. 1 Cir. 12/23/08), 4 So.3d 840, 844-45 (finding that informal discussions and correspondence scheduling depositions were insufficient to constitute steps in the prosecution of an action); Miles v. Suzanne's Café & Catering, Inc., 2011-907 (La. App. 5 Cir. 3/27/12), 91 So.3d 1107, 1111 (finding that informal requests for documents from a defendant do not constitute formal discovery and are not steps in the prosecution of the action for purposes of La. C.C.P. art. 561).

The record reveals that the defendants responded to the plaintiffs' discovery request on September 11, 2018. Responding to discovery is a step in the prosecution. La. C.C.P. art. 561(B); see Breaux v. Auto Zone, Inc., 2000-1534 (La. App. 1 Cir. 12/15/00), 787 So.2d 322, 326, (per curiam) writ denied, 2001-0172 (La. 3/16/01), 787 So.2d 316. The record establishes that the last step taken in the prosecution of the suit was on September 11, 2018, when the defendants provided discovery responses to the plaintiffs. Accordingly, unless there is a waiver or interruption of the abandonment period, this case became abandoned on September

---

[4] See also Food Perfect, Inc. v. United Fire & Casualty Co., 2012-2492 (La. 1/18/13), 106 So.3d 107, 108 (per curiam) (the Supreme Court held that at most the parties engaged in informal settlement negotiations when plaintiff met with a representative of defendant to determine if there was any possibility of resolving the case and had several conversations with defendant's representatives following the meeting); Burton v. Salsbury's Dodge City, Inc., 2012-1999 (La. App. 1 Cir. 6/7/13), 2013 WL 2488936, *2 (unpublished), writ denied, 2013-1629 (La. 10/25/13), 124 So.3d 1099 (an informal settlement offer made by defendant to settle based on certain concessions on plaintiff's part was not akin to an unconditional offer);

12, 2021, because more than three years passed after the defendants sent their discovery responses without any step being taken in the prosecution or defense of this suit.

However, in accordance with the well-recognized jurisprudence, we must decide if any actions by the defendants' attorney constituted a recognized exception or waiver of the abandonment rule. The question that this court must answer is whether the defendants waived their right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. See Louisiana Dep't of Transp. and Development, 79 So.3d at 985. The unique facts of this case show that the plaintiffs filed a medical malpractice case against Baton Rouge General Medical Center-Bluebonnet, Robert Territo, M.D., Baharesh Binesh, M.D., Bayley Hubble, D.O., and Ramandeep Singh, M.D. in the 19th Judicial District Court. Because these defendants were not qualified healthcare providers under the Medical Malpractice Act, La. R.S. 40:1231.1, et seq., the claims against these defendants did not have to be presented to a medical review panel. Two doctors who were also involved in the alleged medical malpractice, Dr. Karthik Reddy and Dr. Monte Thames, were qualified under the Medical Malpractice Act and their cases had to be presented to a medical review panel. According to the affidavit and testimony of the plaintiffs' attorney, Mr. Mouton, he and Mr. Remson, the defendants' attorney, worked on at least six other similar cases where unqualified doctors were involved. In all of those cases, the plaintiffs and the defendants operated under a joint informal agreement to stay the suit filed against the defendants who were not qualified until completion of the medical review panel process against the qualified doctors. In her opposition affidavit, the defendants' attorney did not address nor deny the existence of the informal stay agreement between Mr. Mouton and Mr. Remson.[5] In fact, no affidavit

_____

[5] The court recognizes the professional conduct of both Mr. Mouton and Mr. Remson in their handling of this case. We note that the Louisiana Code of Professionalism contained in District

9

or testimony was offered by Mr. Remson to dispute any of the allegations of Mr. Mouton.

A letter dated August 13, 2020, from Mr. Remson to Mr. Mouton was introduced at the hearing, in which Mr. Remson acknowledged both the new lawsuit ("Gina Moise, et al vs. Karthik Reddy, M.D., Suit No: 697,648") as well as the pre-existing lawsuit against the Baton Rouge General Medical Center-Bluebonnet, Robert Territo, M.D., Baharesh Binesh, M.D., Bayley Hubble, D.O., and Ramandeep Singh, M.D., filed on February 9, 2018. In Mr. Remson's August 13, 2020 letter to Mr. Mouton, he stated: "[u]pon review of both lawsuits, it would probably be a good idea for you to consolidate the two (2) claims. Please let me know if you are going to voluntarily consolidate the cases or, we will have to file a Motion to do so."

In accordance with the unique procedural posture of medical malpractice suits and the different treatment of defendants depending upon their status as a qualified or unqualified healthcare provider under the Medical Malpractice Act, we find that the agreement between the attorneys to stay the first filed lawsuit was a defense waiver of the right to assert abandonment. As evidenced by Mr. Remson's letter to Mr. Mouton on August 13, 2020, both Mr. Mouton and more importantly, Mr. Remson, clearly indicated that the parties were working together as professionals to handle both cases in the most effective method to reduce the cost of litigation. Unlike most informal negotiations and correspondence that does not interrupt the abandonment period, the informal agreement in this case had the laudable goal of

---

Court Rule 6.2 states that an attorney's word is his bond. Further, District Court Rule 6.2 states that attorneys "will cooperate with counsel and the court to reduce the cost of litigation ... ." It is apparent from the actions of the attorneys in this case that their "word was their bond" and the informal agreement between the attorneys was intended to reduce the cost of litigation by limiting the cost in the first filed suit until the completion of the medical malpractice review process and the filing of the second lawsuit. At that time, Mr. Remson acknowledged in writing that the two lawsuits should be consolidated.

10

handling the malpractice cases in both a professional and a cost-saving method to the clients. Clearly the abandonment statue is not meant to dismiss this type of action. Therefore, we find that the letter of August 13, 2020, wherein the attorney for the defendants acknowledged the two lawsuits and the need to consolidate the cases, interrupted the abandonment period. The letter indicated to all parties the intention to go forward with both actions in a consolidated lawsuit. As stated by the Supreme Court in Louisiana Dep't of Transp. and Development, 79 So.3d at 985, "requiring any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record is mistaken to the extent it precludes actions made by defendants and known to all parties from constituting a step in the prosecution or defense of an action sufficient to interrupt abandonment."

Accordingly, we find that this case was not abandoned because the facts appear to show a jurisprudential exception to the abandonment rule as mandated by La. C.C.P. art. 561. See Louisiana Dep't of Transp. and Development, 79 So.3d at 985. Specifically, the unique facts of this case show that the defendants waived their right to assert abandonment by taking actions inconsistent with their intent to treat this case as abandoned. Therefore, we reverse the April 7, 2022 judgment of the trial court.

## CONCLUSION

For the reasons set forth above, the April 7, 2022 judgment of the trial court denying the plaintiffs', Gina Moise, Robert Southard, Jr., and Kevin Southard's, motion to set aside the order of dismissal is reversed. All costs of this appeal are assessed to the defendants, Baton Rouge General Medical Center-Bluebonnet, Robert Territo, M.D., Baharesh Binesh, M.D., Bayley Hubble, D.O., and Ramandeep Singh, M.D.

**REVERSED.**

11